## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLYDE JAMISON, # B15306, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-486-JPG |
| | ) | |
| MICHAEL ATCHISON | ) | |
| and SUPERVISOR FREAKY, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a life sentence for armed robbery. His claims arose during his incarceration in Menard. Plaintiff alleges that Defendant Atchison (Menard's warden) and Defendant Freaky (Menard's vegetable house supervisor) violated his constitutional rights under the First Amendment when Plaintiff requested a Saturday work exemption for religious reasons (Doc. 1). Plaintiff seeks compensatory and punitive damages (Doc. 1, p. 8).

Specifically, Plaintiff alleges that he "stud[ies] from the Hebrew doctrine," which requires him to refrain from working on Saturdays (Doc. 1, p. 5). On December 20, 2011, Plaintiff was called from the non-workers' side to the workers' side of the prison and informed that he would be working in Menard's vegetable house. He was summoned to work there two days later. While working, Plaintiff ran into Supervisor Freaky and explained that he "had no problem working" but would like Saturdays off for religious reasons. Supervisor Freaky responded, "[W]e don't do that around here" (Doc. 1, p. 5). To avoid being placed in

segregation or classified as a poor performer, Plaintiff assured Supervisor Freaky that he would be willing to work during upcoming Saturdays.  Plaintiff noted that prisoners who practiced other religions did not have to work on Saturdays.  He repeated his request.  Supervisor Freaky agreed to speak to another supervisor about the request.

Plaintiff was not called to work the following day (Doc. 1, p. 5).  A gallery officer told Plaintiff that he was not on "the list."  Plaintiff was moved back to a housing unit for non-workers (Doc. 1, p. 6).  He put in a request to work in the inmate commissary, which normally requires no weekend work.  His request was denied.

In order to determine the status of his request for a Saturday work exemption, Plaintiff filed numerous grievances.  He submitted an emergency grievance to Defendant Atchison, but received no response.  Plaintiff filed two additional grievances with a gallery officer on February 7 and 29, 2012.  The responses did not satisfy Plaintiff, and he appealed.  He heard nothing for three months.  On June 6, 2012, Plaintiff again wrote Defendant Atchison and again received no response.  On June 28, 2012, Plaintiff wrote to the Administrative Review Board ("ARB").  The ARB instructed Plaintiff to contact the grievance office to learn the status of his grievance. When Plaintiff did so on August 1, 2012, his request went unanswered.

Plaintiff now raises a claim against Defendant Atchison for failing to respond to his grievances (Doc. 1, p. 7).  Plaintiff also raises First Amendment claims against Supervisor Freaky for violating his constitutional rights by removing him from the work roster and transferring him to non-worker housing in response to his request for a Saturday work exemption.  Plaintiff's complaint raises other potential claims, both statutory and constitutional. Each of these claims will be addressed in this order.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).

To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon Plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Accepting Plaintiff's allegations as true, the Court finds that he has stated claims against Defendant Freaky under the First Amendment for retaliation (Count 1) and for violation of his freedom of religion (Count 2). Accordingly, Plaintiff shall be allowed to proceed on Counts 1-2 against Defendant Freaky.

Plaintiff's other potential constitutional claims against Defendant Freaky--including the equal protection (Count 3) and conditions of confinement (Count 4) claims--warrant little discussion. Plaintiff has not explicitly raised these claims. Even if he had done so, both claims involve the same set of facts implicated in Plaintiff's First Amendment claims. The equal protection and conditions of confinement claims would therefore be redundant. *See Conyers v. Abitz*, 416 F.3d 580 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on the same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"). The Court must analyze Plaintiff's

allegations under the most "explicit source[s] of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Conyers*, 416 F.3d at 586. In this case, the salient claims are retaliation and freedom of religion. Accordingly, Counts 3-4 shall be dismissed with prejudice.

Likewise, Plaintiff's potential claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (Count 5), 42 U.S.C. § 2000cc *et seq.*, also fails. Plaintiff's complaint does not mention a RLUIPA claim. Because Plaintiff is proceeding in this matter *pro se*, the Court construes the complaint liberally to include this statutory claim. *See Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) (citing *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009)). To state a claim under RLUIPA, Plaintiff must allege facts which tend to show that he seeks to exercise his religious beliefs and that the challenged practice substantially burdens his exercise of religion. *Kroger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008); 42 U.S.C. § 2000cc-2(b). Here, RLUIPA is of no use to Plaintiff. Although it is unclear, Plaintiff appears to be seeking monetary damages against Defendants in their official and personal capacities. The former claim is barred by the state's sovereign immunity. *See Grayson*, 666 F.3d at 451 (citing *Sossamon v. Texas*, -- U.S. --, 131 S. Ct. 1651, 1658-61 (2011); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011)). The latter claim also fails because RLUIPA "does not create a cause of action against state employees in their personal capacity." *Grayson*, 666 F.3d at 451 (citing *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009)). While injunctive relief is authorized under RLUIPA, Plaintiff does not seek this relief. Therefore, Count 5 shall be dismissed without prejudice.

In addition, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Atchison for mishandling Plaintiff's grievances (Count 6). Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause

per se.  The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Plaintiff has not alleged that Defendant Atchison participated in the underlying conduct at issue.  Plaintiff's claim fails.  Accordingly, Count 6 against Defendant Atchison shall be dismissed with prejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge **Philip M. Frazier** for further consideration.

Plaintiff has filed a motion for service of process at government expense (Doc. 4).  The motion is **GRANTED in part** and **DENIED in part.**  Service shall be ordered below for Defendant Freaky.  Service shall not be ordered for Defendant Atchison.

**Disposition**

**COUNTS 3, 4,** and **6** are **DISMISSED** from this action with prejudice.  **COUNT 5** is **DISMISSED** from this action without prejudice for failure to state a claim upon which relief can be granted.

**DEFENDANT ATCHISON** is **DISMISSED** from this action with prejudice.

As to **COUNTS 1** and **2,** The Clerk of Court shall prepare for Defendant **FREAKY**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons

5

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

6

under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 20, 2013**

s/ J. Phil Gilbert
**U.S. District Judge**

7